FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Apr 05, 2018

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

BARRY MCANDREWS,

         Plaintiff,

         v.

COMMISSIONER OF SOCIAL
SECURITY,

         Defendant.

No.1:17-CV-03075-JTR

ORDER GRANTING PLAINTIFF'S
MOTION FOR SUMMARY
JUDGMENT

**BEFORE THE COURT** are cross-motions for summary judgment. ECF Nos. 14, 15. Attorney D. James Tree represents Barry McAndrews (Plaintiff); Special Assistant United States Attorney Jeffrey R. McClain represents the Commissioner of Social Security (Defendant). The parties have consented to proceed before a magistrate judge. ECF No. 6. After reviewing the administrative record and briefs filed by the parties, the Court **GRANTS, in part,** Plaintiff's Motion for Summary Judgment; **DENIES** Defendant's Motion for Summary Judgment; and **REMANDS** the matter to the Commissioner for additional proceedings pursuant to 42 U.S.C. § 405(g).

## JURISDICTION

Plaintiff filed applications for Supplemental Security Income (SSI) and Disability Insurance Benefits (DIB) on August 14, 2006, Tr. 264, alleging disability since October 15, 2001, Tr. 242, 245, due to asthma, attention deficit

hyperactivity disorder (ADHD), and sinus problems, Tr. 269. The applications were denied initially and upon reconsideration. Tr. 159-62, 164-67. Administrative Law Judge (ALJ) R.S. Chester held a hearing on March 27, 2009 and heard testimony from Plaintiff and vocational expert, Daniel McKinney. Tr. 50-71. The ALJ issued an unfavorable decision on April 14, 2009. Tr. 134-47. The Appeals Council granted review and remanded the case back to the ALJ on February 16, 2011. Tr. 153-56.

On July 21, 2011, ALJ Caroline Siderius held a new hearing and heard testimony from Plaintiff, psychological expert, Margaret Moore, Ph.D., and vocational expert, Daniel McKinney. Tr. 72-126. The ALJ issued an unfavorable decision on August 25, 2011. Tr. 21-39. The Appeals Council denied review on July 24, 2013. Tr. 1-3. On September 24, 2013, Plaintiff requested judicial review of the ALJ's August 25, 2011 decision in the Eastern District of Washington. Tr. 1538-40. On October 9, 2014, this Court issued an order remanding the case to the Commissioner for additional proceedings. Tr. 1545-61.

On December 17, 2015 and May 18, 2016, ALJ Virginia M. Robinson held two additional hearings. Tr. 1427-99. The ALJ heard testimony from Plaintiff and vocational expert, Kimberly Molinex. *Id*. She issued an unfavorable decision on December 21, 2016. Tr. 1390-1415. The Appeals Council did not assume jurisdiction of the case within the prescribed period set forth in 20 C.F.R. § 404.984, and the ALJ's December 21, 2016 decision became the final decision of the Commissioner, which is appealable to the district court pursuant to 42 U.S.C. § 405(g). Plaintiff filed this action for judicial review on April 20, 2017. ECF No. 1.

## STATEMENT OF FACTS

The facts of the case are set forth in the administrative hearing transcripts, the ALJ's decision, and the briefs of the parties. They are only briefly summarized here.

Plaintiff was 37 years old at the alleged date of onset. Tr. 242. His highest level of education was the tenth grade, completed in 1982. Tr. 275. His work history includes the jobs of baker, cook, and laborer. Tr. 270, 285. He alleged that asthma, ADHD, depression, and sinus problems limited his ability to work. Tr. 269. Plaintiff reported that he stopped working on January 10, 2005 due to his conditions. *Id.*

## STANDARD OF REVIEW

The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). The Court reviews the ALJ's determinations of law de novo, deferring to a reasonable interpretation of the statutes. *McNatt v. Apfel*, 201 F.3d 1084, 1087 (9th Cir. 2000). The decision of the ALJ may be reversed only if it is not supported by substantial evidence or if it is based on legal error. *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999). Substantial evidence is defined as being more than a mere scintilla, but less than a preponderance. *Id.* at 1098. Put another way, substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). If the evidence is susceptible to more than one rational interpretation, the court may not substitute its judgment for that of the ALJ. *Tackett*, 180 F.3d at 1097. If substantial evidence supports the administrative findings, or if conflicting evidence supports a finding of either disability or non-disability, the ALJ's determination is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-30 (9th Cir. 1987). Nevertheless, a decision supported by substantial evidence will be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1988).

## SEQUENTIAL EVALUATION PROCESS

The Commissioner has established a five-step sequential evaluation process

for determining whether a person is disabled. 20 C.F.R. §§ 404.1520(a), 416.920(a); *see Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987). In steps one through four, the burden of proof rests upon the claimant to establish a prima facie case of entitlement to disability benefits. *Tackett*, 180 F.3d at 1098-99. This burden is met once the claimant establishes that physical or mental impairments prevent him from engaging in his previous occupations. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). If the claimant cannot do his past relevant work, the ALJ proceeds to step five, and the burden shifts to the Commissioner to show that (1) the claimant can make an adjustment to other work, and (2) specific jobs which the claimant can perform exist in the national economy. *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193-94 (9th Cir. 2004). If the claimant cannot make an adjustment to other work in the national economy, a finding of "disabled" is made. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).

## ADMINISTRATIVE DECISION

On December 21, 2016, the ALJ issued a decision finding Plaintiff was not disabled as defined in the Social Security Act.

At step one, the ALJ found Plaintiff had not engaged in substantial gainful activity since October 15, 2001, the alleged date of onset. Tr. 1393.

At step two, the ALJ determined Plaintiff had the following severe impairments: asthma; ADHD; an affective disorder; an anxiety disorder; a learning disorder; and a personality disorder. Tr. 1393.

At step three, the ALJ found Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments. Tr. 1394.

At step four, the ALJ assessed Plaintiff's residual function capacity and determined he could perform work at a light exertional level with the following limitations:

[T]he claimant can lift and/or carry 20 pounds occasionally and up to 10 pounds frequently. The claimant can stand or walk for approximately 6 hours and sit for approximately 6 hours per 8-hour workday with normal breaks. The claimant can no more than occasionally climb ramps or stairs. He can never climb ladders, ropes or scaffolds. The claimant can no more than frequently stoop, kneel, crouch and crawl. The claimant must avoid concentrated exposure to excessive vibration and to workplace hazards such as working with dangerous machinery and working at unprotected heights. The claimant must avoid exposure to pulmonary irritants such as fumes, odors, dusts and gases. The claimant is further limited to simple routine tasks with routine, simple, work-related decisions. The claimant can have no more than occasional, superficial interaction with coworkers and incidental interaction with the public.

Tr. 1396. The ALJ determined Plaintiff had no past relevant work. Tr. 1413.

At step five, the ALJ determined that, considering Plaintiff's age, education, work experience and residual functional capacity, and based on the testimony of the vocational expert, there were other jobs that exist in significant numbers in the national economy Plaintiff could perform, including the jobs of assembler production, cleaner housekeeping, and packing line worker. Tr. 1414. The ALJ concluded Plaintiff was not under a disability within the meaning of the Social Security Act at any time from October 15, 2001, through the date of the ALJ's decision. Tr. 1415.

## ISSUES

The question presented is whether substantial evidence supports the ALJ's decision denying benefits and, if so, whether that decision is based on proper legal standards. Plaintiff contends the ALJ erred by (1) failing to properly weigh the medical opinions, (2) failing to make a proper step two determination, and (3) failing to properly address Plaintiff's symptom statements.

## DISCUSSION

### 1. Medical Opinions

Plaintiff argues the ALJ failed to properly consider and weigh the medical

opinions expressed by Fady F. Sabry, M.D., Gerardo Melgar, M.D., Philip Johnson, Ph.D., Tae-Im Moon, Ph.D., Luci Carstens, Ph.D., Phillip Barnard, Ph.D., Amelia Rutter, ARNP, and Kathyn Jolin, PMHNP. ECF No. 14 at 5-17.

In weighing medical source opinions, the ALJ should distinguish between three different types of physicians: (1) treating physicians, who actually treat the claimant; (2) examining physicians, who examine but do not treat the claimant; and, (3) nonexamining physicians who neither treat nor examine the claimant. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995). The ALJ should give more weight to the opinion of a treating physician than to the opinion of an examining physician. *Orn v. Astrue*, 495 F.3d 625, 631 (9th Cir. 2007). Likewise, the ALJ should give more weight to the opinion of an examining physician than to the opinion of a nonexamining physician. *Id.*

When a treating physician's opinion is not contradicted by another physician, the ALJ may reject the opinion only for "clear and convincing" reasons. *Baxter v. Sullivan*, 923 F.2d 1391, 1396 (9th Cir. 1991). When a treating physician's opinion is contradicted by another physician, the ALJ is only required to provide "specific and legitimate reasons" for rejecting the opinion. *Murray v. Heckler*, 722 F.2d 499, 502 (9th Cir. 1983). Likewise, when an examining physician's opinion is not contradicted by another physician, the ALJ may reject the opinion only for "clear and convincing" reasons, and when an examining physician's opinion is contradicted by another physician, the ALJ is only required to provide "specific and legitimate reasons" to reject the opinion. *Lester*, 81 F.3d at 830-31.

The specific and legitimate standard can be met by the ALJ setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating her interpretation thereof, and making findings. *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989). The ALJ is required to do more than offer her conclusions, she "must set forth [her] interpretations and explain why they, rather

than the doctors', are correct." *Embrey v. Bowen*, 849 F.2d 418, 421-22 (9th Cir. 1988).

### A.      Fady F. Sabry, M.D.

On August 11, 2009, Dr. Sabry completed a Physical Evaluation form for the Washington State Department of Social and Health Services (DSHS). Tr. 1313-16. He found Plaintiff's asthma resulted in mild to moderate limitation in Plaintiff's ability to sit, stand, walk, lift, handle, and carry and Plaintiff's anxiety resulted in mild limitations in the same six functions. Tr. 1315. He then limited Plaintiff to sedentary work. *Id*. He found that Plaintiff was able to participate in pre-employment activities such as job searches or employment classes, stating that Plaintiff needed medicine for asthma control and if he got the asthma under control the limitations would be none to mild instead of mild to moderate. Tr. 1316. Dr. Sabry completed a second Physical Evaluation form for DSHS on June 18, 2010. Tr. 1328-31. Dr. Sabry diagnosed Plaintiff with asthma and hypertension and opined that they resulted in mild limitations in Plaintiff's ability to sit, stand, walk, lift, handle, and carry. Tr. 1330. He again limited Plaintiff to sedentary work. *Id*. He opined that without treatment Plaintiff's conditions would continue for at least twelve months. Tr. 1331. Again, he stated that Plaintiff needed medications. *Id*.

The ALJ gave these opinions some weight, accepting the mild to moderate limitations due to asthma and anxiety by finding that they were supported by the overall record, but rejecting Dr. Sabry's ultimate conclusion that Plaintiff was limited to sedentary work. Tr. 1407. The ALJ stated that she "does not find sufficient objective medical evidence to support [Dr. Sabry's] finding the claimant is limited to sedentary work." *Id*.

This assertion by the ALJ for rejecting the limitation to sedentary work opinion of Dr. Sabry is insufficient. "[A]n ALJ errs when [she] rejects a medical opinion or assigns it little weight while doing nothing more than ignoring it, asserting without explanation that another medical opinion is more persuasive, or

criticizing it with boilerplate language that fails to offer a substantive basis for [her] conclusion." *Garrison v. Colvin*, 759 F.3d 995, 1012-13 (9th Cir. 2014) (*citing Nguyen v. Chater*, 100 F.3d 1462, 1464 (9th Cir. 1996)). Here, the Court agrees with Plaintiff that the ALJ failed to properly evaluate this treating doctor's opinions by failing to provide sufficient explanation to support her findings

Plaintiff asserts that the Court should apply the credit-as-true rule to Dr. Sabry's opinions and remand this case for an immediate award of benefits at least as of Plaintiff's fiftieth birthday, proposing that the Court apply grid rule 201.09. ECF No. 14 at 8. The Ninth Circuit has developed a framework for applying the credit-as-true rule:

> (1) the record has been fully developed and further administrative proceedings would serve no useful purpose; (2) the ALJ has failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion; and (3) if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand.

*Garrison*, 759 at 1020. All three parts of the framework must be satisfied in order for the Court to remand a case with instructions to calculate and award benefits. *Id*.

Here, as addressed above, the second part of the Ninth Circuit's framework has been met: the ALJ as failed to provide legally sufficient reasons for rejecting the Dr. Sabry's opinions. However, considering the first and third components brings to light two issues: (1) Plaintiff's residual functional capacity as of his fiftieth birthdate and (2) the materiality of Plaintiff's substance abuse.

First, Dr. Sabry's most recent opinion is from June 18, 2010. Tr. 1331. Plaintiff attained the age of fifty in July of 2014. Tr. 242. Therefore, four years elapsed between the opinion and Plaintiff reaching the approaching advanced age category applicable in grid rule 201.09. During this time, Plaintiff sought treatment and received medication for his asthma. *See* Tr. 2729, 2731, 2735, 2740-

41, 2745, 2749-50, 2754, 2759, 2763, 2768, 2776, 2823, 2828, 2833-34, 2838, 2843, 2848-49.  In the month that Plaintiff turned fifty, his medications included Flonase, Advair, Atrovent, Claritin, and Albuterol.  Tr. 2823.  According to Dr. Sabry's opinions, Plaintiff's limitation to sedentary work was expected to last at least twelve months without treatment, and Dr. Sabry indicated Plaintiff would experience improvement with medication.  Tr. 1316, 1331.  Therefore, even crediting Dr. Sabry's June 18, 2010 opinion as true, does not necessarily mean Plaintiff was limited to sedentary work around July of 2014.  As such, it is necessary to remand the case so that Dr. Sabry's opinions can be properly addressed, and if it is determined that Plaintiff was limited to sedentary work in 2010, the ALJ will need to determine if that limitation continue through Plaintiff's fiftieth birthday.

Second, even if the record was fully developed and substantial evidence supported a finding that Plaintiff was disabled as of his fiftieth birthday, it must be determined whether his substance abuse was a contributing factor material to the determination of disability.  *See* 20 C.F.R. §§ 404.1535, 416.935; S.S.R. 13-2p.  Arguably, Dr. Sabry addressed this issue in his opinions, both of which found that of the impairments addressed on the forms none were caused or aggravated by alcohol or drug use.  Tr. 1316, 1331.  Additionally, the ALJ found that Plaintiff appeared to have attained and maintained sobriety from November of 2013 through the date of the most recent ALJ decision, Tr. 1404, despite evidence Plaintiff tested positive for cannabis in October of 2014, Tr. 2024.  However, since the case is to be remanded to address Dr. Sabry's opinions, this is to be addressed in full upon remand, if necessary.

**B.    Gerardo Melgar, M.D.**

On June 14, 2005, Dr. Melgar completed a physical evaluation form for DSHS.  Tr. 581- 83.  He diagnosed Plaintiff with asthma and opined that it resulted in a moderate to marked limitation on his ability to walk, lift, and carry.  Tr. 582.

He limited Plaintiff to sedentary work with no exposure to extreme temperatures and dust, no heavy lifting, and no prolonged walking. *Id.* Dr. Melgar opined that Plaintiff's limitations would continue without medical treatment for at least twelve months, but with treatment his ability to work should be re-evaluated in twelve months. Tr. 583. The ALJ gave the opinion little weight for two reasons: (1) there is little evidence in the medical records indicating Plaintiff's asthma has resulted in any exertional limitations, and (2) Plaintiff has maintained a full complement of daily activities despite the asthma. Tr. 1406. The parties agree the ALJ was required to provide specific and legitimate reasons for rejecting Dr. Melgar's opinion. ECF Nos. 15 at 3; 16 at 2.

The ALJ's first reason, that that there is little evidence of Plaintiff's asthma resulting in functional limitations, meets the specific and legitimate standard. Inconsistency with the majority of objective evidence is a specific and legitimate reason for rejecting a physician's opinions. *Batson*, 359 F.3d at 1195. While the ALJ failed to cite any medical evidence following this statement, Tr. 1406, earlier in her opinion, she summarized the medical evidence surrounding Plaintiff's asthma including the FEV1 scores throughout the file, Tr. 1399-1400. As asserted by the ALJ, this evidence demonstrates that Plaintiff's asthma symptoms improved with treatment, such as a bronchodilator and the use of his inhalers. *Id.*

Plaintiff argues that there is evidence that his asthma prevented him from attending group therapy sixteen times. ECF No. 14 at 8-9. However, the records Plaintiff cites demonstrates that he was excused from group because he reported feeling ill or was attending doctor appointments; these were not clear statements of observed asthma attacks preventing attendance. Tr. 2300, 2302-03, 2305-07, 2309-10, 2390, 2392, 2406, 2419, 2422, 2430, 2432. There is evidence that on January 23, 2014, Plaintiff missed group therapy because he was in the hospital for dyspnea and ear pain. Tr. 2397, 3110. Plaintiff reported to ambulance staff that he was in treatment and unable to get his medications, Tr. 3109, and at the hospital his

breathing improved with a breathing treatment. Tr. 3112. This supports the ALJ's assertion that Plaintiff's breathing impairments improve with treatment and are remedied with medication. In fact, the only asthma related exertional limitations demonstrated in these records, is Plaintiff's complaint that the asthma medication causes drowsiness. Tr. 2384. Since the ALJ's conclusions are supported by substantial evidence, her reason meets the specific and legitimate standard.

Plaintiff is accurate that the ALJ was inconsistent in finding asthma severe at step two, i.e. that it more than minimally limits plaintiff's ability to work, Tr. 1393, then later in the residual functional capacity discussion, the ALJ found that "there is no evidence in the medical record indicating the claimant's asthma has resulted in any exertional limitations," Tr. 1399, and then when discussing Dr. Melgar's opinion she found that "there is little evidence in the medical records indicating the claimant's asthma has resulted in any exertional limitations." Tr. 1406. However, any error resulting from these inconsistent findings are essentially harmless because S.S.R. 96-8p requires the ALJ's residual functional capacity determination to consider all of Plaintiff's impairments, both severe and non-severe. Therefore, no matter where asthma falls on the severity spectrum, it is to be considered. Here, the ALJ has clearly addressed asthma throughout the residual functional capacity discussion and included limitations representing her findings in the final residual functional capacity determination. *See* Tr. 1396 (limiting Plaintiff's ability to climb ramps or stairs and limiting Plaintiff's exposure to pulmonary irritants); *See Tommasetti v. Astrue*, 533 F.3d 1035, 1038 (9th Cir. 2008) (An error is harmless when "it is clear from the record that the . . . error was inconsequential to the ultimate nondisability determination."). However, the case is being remanded for the ALJ to further address Dr. Sabry's opinion, and the ALJ can correct these inconsistent findings upon remand.

The ALJ's second reason for rejecting the opinion, that it is inconsistent with Plaintiff's reported activities, is sufficient to meet the specific and legitimate

standard. A claimant's daily activities may be seen as inconsistent with the presence of a disabling condition. *See Curry v. Sullivan*, 925 F.2d 1127, 1130 (9th Cir. 1990). When applying for benefits, Plaintiff reported that one of his primary sources of transportation was walking. Tr. 280. In May and June of 2010, Plaintiff was treated for two separate falls from his bicycle. Tr. 1181, 3020. Again in August of 2012, Plaintiff was treated for a fall from his bicycle. Tr. 2995. In April of 2014, Plaintiff again reported walking as one of his modes of transportation. Tr. 1900. This is substantial evidence that supports the ALJ's assertion that Plaintiff's activities were inconsistent with the limitations set forth in Dr. Melgar's opinion.

Plaintiff asserts that these periods of activity represent the waxing and waning of his asthma flares. ECF No. 14 at 7. Plaintiff cites to a treatment record dated June 27, 2006 in which he was diagnosed with exacerbation of his asthma. *Id*. *citing* Tr. 593. However, the treatment record shows that Plaintiff told the provider that he had failed to follow up with his appointment with Dr. Hill and had run out of all his asthma medications, including Singular, Flonase, Claritin, Advair, Atrovent, and albuterol. Tr. 593. Therefore, this is consistent with the ALJ's findings that Plaintiff's symptoms are controlled with medication. Waxing and waning of symptoms are not uncommon when discussing chronic conditions. *See Garrison*, 759 F.3d at 1017. However, the Court refuses to equate a failure to follow prescribed treatment as a waxing of symptoms. Therefore, the ALJ's rationale was supported by substantial evidence and his rejection of the opinion was legally sufficient. However, this case is being remanded for the ALJ to properly address Dr. Sabry's opinions regarding Plaintiff's asthma. Therefore, upon remand the ALJ may choose to readdress Dr. Melgar's opinion if warrented by his reconsidering of Dr. Sabry's opinions.

### C.     Philip Johnson, Ph.D.

On October 16, 2006, Dr. Johnson completed a psychological evaluation. Tr. 723-28. He diagnosed Plaintiff with alcohol dependence in early remission,

cannabis dependence in early remission, amphetamine dependence in sustained full remission, major depressive disorder, recurrent, in partial remission, ADHD, and borderline intellectual functioning. Tr. 727. In Dr. Johnson's medical source statement, he opined that Plaintiffs abilities to understand, reason, and remember falls in the borderline range of intellectual functioning, his ability to sustain concentration, persistence, and paces is adequate when sober with some limitations from ADHD, his ability to interact socially was adequate, and his ability to cope with stress had some limitations. Tr. 728. The ALJ gave this opinion significant weight finding it was supported by Dr. Johnson's narrative report. Tr. 1408.

The Court is remanding this case for a reconsideration of Dr. Sabry's opinion, which addressed Plaintiff's anxiety, *see supra*, and the psychological opinions of Dr. Moon and Dr. Barnard, *see infra*. Therefore, the ALJ is instructed to readdress Dr. Johnson's opinion upon remand.

### D. Tae-Im Moon, Ph.D.

On July 12, 2012, Dr. Moon completed a Psychological/Psychiatric Evaluation form for DSHS. Tr. 2069-73. He diagnosed Plaintiff with major depressive disorder, anxiety disorder, ADHD, alcohol dependence in sustained remission, cannabis dependence, and personality disorder. Tr. 2070. He opined that Plaintiff had a marked limitation in eight and a moderate limitation in an additional two of the thirteen areas of functioning provided on the form. Tr. 2071. He opined that none of the impairments were primarily the result of alcohol or drug use. Tr. 2072. He opined that the above limitations would persist for twelve to twenty-four months with available treatment. *Id*.

The ALJ gave this opinion "limited weight" for four reasons: (1) it was based on Plaintiff's self-reports; (2) Plaintiff was required to cooperate with the recommendations of DSHS to keep his cash assistance; (3) it was inconsistent with the mental status examination performed by Dr. Moon; and (4) it was inconsistent with the medical evidence of record. Tr. 1409. Both parties appear to agree the

ALJ was required to provide specific and legitimate reasons for rejecting Dr. Moon's opinion. ECF Nos. 15 at 10; 16 at 7-8.

The ALJ's reason for rejecting Dr. Moon's opinion fails to meet the specific and legitimate standard. First, a doctor's opinion may be discounted if it relies on a claimant's unreliable self-report. *Bayliss v. Barnhart*, 427 F.3d 1211, 1217 (9th Cir. 2005); *Tommasetti*, 533 F.3d at 1041. However, the ALJ must provide a basis for her conclusion that the opinion was based more heavily on a claimant's self-reports and not on clinical evidence. *Ghanim v. Colvin*, 763 F.3d 1154, 1162 (9th Cir. 2014). Here, the ALJ failed to provide such a basis, stating only that "Dr. Moon's assessment is based on unreliable self-reports and conflicts as noted above." Tr. 1409. The reference to conflicts noted previously in the decision is unclear as this was the first mention of Dr. Moon's evaluation. *Id*. Therefore, this first reason is not legally sufficient to support the ALJ's treatment of Dr. Moon's opinion.

Second, the ALJ's mention of Plaintiff's requirement to attend treatment to retain his eligibility for benefits under DSHS is neither specific nor legitimate. It is unclear how Plaintiff following prescribed treatment would make Dr. Moon's evaluation less persuasive. The reason hints at an accusation of motivation for secondary gain, but this would attack Plaintiff's credibility, not Dr. Moon's reliability. Furthermore, the purpose for which medical reports are prepared does not provide a legitimate basis for rejecting them. *Lester*, 81 F.3d at 832. Therefore, this second reason is also legally insufficient.

Third, the ALJ found that Dr. Moon's opinion was inconsistent with the mental status examination he completed as part of his evaluation. Tr. 1409. The ALJ's conclusion that the mental status examination was normal except for difficulties with abstract thought is not supported by substantial evidence. On the mental status exam form, Dr. Moon found Plaintiff's appearance to be unkempt, his mood to be anxious/fearful, his affect to be anxious, *and* his abstract thought

process to be abnormal. Tr. 2072-73. Therefore, this reason is not sufficient to support the ALJ's ultimate determination to limit the weight provided to Dr. Moon's opinion.

The ALJ's fourth reason, that Dr. Moon's opinion was inconsistent with the medical evidence, does not meet the necessary legal standard. Inconsistency with the majority of objective evidence is a specific and legitimate reason for rejecting physician's opinions. *Batson*, 359 F.3d at 1195. The ALJ specifically found that Plaintiff's medical records showed he engaged in "robust activities of daily living," including attending AA meetings, bible study, and a local church, he responded well to mental health medications, he failed to comply with follow-up treatment and medication, he experienced symptom relief with medication usage, and there were no reports of inattention or difficulty concentrating after he became sober. Tr. 1409. The ALJ concluded that these findings were inconsistent with the limitations opined by Dr. Moon. *Id*. However, the ALJ failed to state what portion of Dr. Moon's opinion was discounted by these records. This fails short of the specificity required under *Embrey*, 849 F.2d at 421-22. Upon remand, the ALJ will readdress Dr. Moon's opinion.

### E.    Phillip Barnard, Ph.D.

On July 25, 2013, Dr. Barnard completed a Psychological/Psychiatric Evaluation form for DSHS after examining Plaintiff. Tr. 2874-77. He diagnosed Plaintiff with ADHD/Combined type, learning disorder not otherwise specified, alcohol dependence in sustained full remission, and bipolar disorder not otherwise specified. Tr. 2875. He opined that Plaintiff had a severe limitation in four areas of mental functioning, a marked limitation in four areas of mental functioning, and a moderate limitation in the remaining five areas of mental functioning addressed on the form. Tr. 2876. He found that that current impairments were not the primary result of drug or alcohol use in the past sixty days. *Id*. He further opined that Plaintiff's impairments would continue for twenty-four to forty-eight months

with available treatment.  *Id.*

The ALJ gave the opinion "little weight" for three reasons: (1) the mental status examination was inconsistent with the mental status examination from Dr. Moon; (2) the opinion was prepared for the purposes of a state disability determination and not a federal disability determination; and (3) it was inconsistent with the rest of the medical evidence.  All three of these reasons fail to meet the lessor standard of specific and legitimate.

The ALJ's first reason fails to meet the specific and legitimate standard. The ALJ stated that "[u]nlike with Dr. Moon, the claimant's mental status examination appears largely outside of normal limits in thought process, memory, concentration and insight and judgment, which raises questions, as to the claimant's consistence of performance." Tr. 1411.  This statement is based on the ALJ's previous determination that Dr. Moon's mental status examination contained normal results.  However, as addressed above, the conclusion that Dr. Moon's mental status examination showed normal results was not supported by substantial evidence.  However, if the two mental status exams are compared, it is noted that Plaintiff performed differently on the tests, but also that the areas Plaintiff struggled in on Dr. Barnard's exam were not actually tested on Dr. Moon's exam: On Dr. Moon's exam, serials seven were not performed and Plaintiff's serial three contained an error, he could recall three out of three objects immediately, but there is no indication he was asked again after the three minute delay; he could spell world forward but not backwards, and he could recall six digits forward, but there is no indication he was tested on digits backwards.  Tr. 2073.  On Dr. Barnard's exam, Plaintiff could not accomplish either serial sevens or threes, he was able to recall one out of five objects after a five minuet delay, he could spell world forward but not backwards, and he was able to reproduce only four digits forward and three backwards.  Tr. 2877.  Additionally, Dr. Barnard tested Plaintiff's insight and judgement and Dr. Moon did not.  Tr. 2073, 2877.

Considering the previous determination that the ALJ's findings regarding Dr. Moon's mental status examination were not supported by substantial evidence and the fact that Dr. Moon's examination did not contain the same testing as Dr. Barnard's examination, the Court refuses to find these two exams as comparable to support the ALJ's assertion that Plaintiff's performance was inconsistent. Therefore, this reason fails to meet the specific and legitimate standard.

The ALJ's second reason, that the opinion was prepared for a state disability determination and not a federal disability determination, does not meet the specific and legitimate standard. The regulations require every medical opinion to be evaluated, regardless of its source. 20 C.F.R. §§ 404.1527(c), 416.927(c). Furthermore, the purpose for which medical reports are prepared does not provide a legitimate basis for rejecting them. *Lester*, 81 F.3d at 832. Although this opinion was prepared for the purpose of evaluating eligibility for DSHS benefits, the medical opinion contained in the report must be considered by the ALJ. Thus, this reason for rejecting Dr. Barnard's opinion is improper.

The ALJ's third reason for rejecting Dr. Barnard's opinion was identical to her final reason for rejecting Dr. Moon's opinion. Tr. 1411. As discussed above, without stating how this evidence was inconsistent with the opinion, the reason falls short of the specific and legitimate standard in *Embrey*. Therefore, upon remand, the ALJ will also readdress Dr. Barnard's opinion.

### F. Luci Carstens, Ph.D.

On August 12, 2013, Dr. Carstens competed a Review of Medical Evidence form for DSHS indicating that she had reviewed Dr. Barnard's July 25, 2013 report. Tr. 2850. Her opinion regarding Plaintiff's functional abilities mirrored that of Dr. Barnard. Tr. 2851.

The ALJ gave the opinion little weight for the same reasons he rejected Dr. Barnard's opinion. *See supra*. Based on the legal analysis presented above, the ALJ will also readdress Dr. Carsten's opinion on remand.

### F. Amelia Rutter, ARNP

Ms. Rutter completed a medical source statement form in July of 2015 in which she opined that Plaintiff would miss an average of four or more work days a month if employed at a forty hour work week. Tr. 1932-34. The ALJ gave the opinion little weight for four reasons: (1) Ms. Rutter is not an acceptable medical source, (2) the period of her assessment includes when Plaintiff was using substances and when he was sober, (3) the opinion does not explain why Plaintiff would miss work, and (4) it was inconsistent with the evidence in the record. Tr. 1412.

Ms. Rutter is a nurse practitioner, which for cases filed before March 27, 2017, is not considered an acceptable medical source. *See* 20 C.F.R. §§ 404.1502(a)(7), 416.902(a)(7). An ALJ is required, however, to consider evidence from "other sources," 20 C.F.R. §§ 404.1527(f), 416.927(f), "as to how an impairment affects a claimant's ability to work," *Sprague*, 812 F.2d at 1232. An ALJ must give "germane" reasons to discount evidence from "other sources." *Dodrill v. Shalala*, 12 F.3d 915, 919 (9th Cir. 1993).

The ALJ's first reason, that Ms. Rutter is not an acceptable medical source, speaks to what standard applies to her opinion, and does not meet the germane standard on its own. The three remaining reasons were specific to the opinion and supported by substantial evidence. Ms. Rutter opined the limitations were present in June of 2013, which was prior to Plaintiff's reported sobriety in November of 2013, and was valid at the time the opinion was rendered in July of 2015. Tr. 1439, 1934. Therefore, the opinion covered both periods of Plaintiff's use and sobriety. The opinion did not provide an explanation as to why Plaintiff would miss work at the rate opined despite the form providing a space for such an explanation. Tr. 1933. The final reason, that the opinion was inconsistent with the medical evidence that Plaintiff's inattention and concentration difficulties did not continue past sobriety, also meets the germane standard as records show that

Plaintiff did not complain of these limitations following sobriety. *See* Tr. 3207, 3212. Therefore, the ALJ has provided some reasons that meet the necessary standard.

This case is being remanded for the ALJ to readdress Dr. Sabry's opinion regarding Plaintiff's physical limitations. Therefore, upon remand the ALJ will also readdress her treatment of this opinion if warranted by the reweighing of the other evidence in the file.

### G. Kathyn Jolin, PMHNP

In July of 2015, Ms. Jolin completed a mental source statement in which she opined that Plaintiff had a marked limitation in the ability to maintain attention and concentration for extended periods and a moderate limitation in twelve additional areas of mental functioning. Tr. 1935-37. Additionally, she opined that Plaintiff would be off task over 30% of the time and would miss four or more days a month if employed forty hours a week. Tr. 1937. The ALJ gave the opinion "little weight" for two reasons: (1) Ms. Jolin was not an acceptable medical source and (2) the opinion was inconsistent with the medical records showing activities of daily living, a good response to mental health medications, a failure to comply with treatment, and symptom relief with medication. Tr. 1412.

As addressed above, the ALJ's first reason speaks to the standard to apply to the ALJ's rationale for dismissing the opinion, and is not a standalone reason to reject the opinion. However, the ALJ's second reason, that the opinion is inconsistent with the medical records is sufficient to meet the germane standard.

This case is being remanded for the ALJ to readdress multiple opinions from acceptable medical sources regarding Plaintiff's mental residual functional limitations. Therefore, the ALJ will readdress this opinion on remand.

### 2. Step Two

Plaintiff asserts that the ALJ erred at step two by failing to consider his hypertension and spinal impairments. ECF No. 14 at 17-18.

The step-two analysis is "a de minimis screening device used to dispose of groundless claims." *Webb v. Barnhart*, 433 F.3d 683, 687 (9th Cir. 2005). An impairment is "not severe" if it does not "significantly limit" the ability to conduct "basic work activities." 20 C.F.R. §§ 404.1522(a), 416.922(a). Basic work activities are "abilities and aptitudes necessary to do most jobs." 20 C.F.R. §§ 404.1522(b), 416.922(b). "An impairment or combination of impairments can be found not severe only if the evidence establishes a slight abnormality that has no more than a minimal effect on an individual's ability to work." *Smolen v. Chater*, 80 F.3d 1273, 1290 (9th Cir. 1996) (internal quotation marks omitted).

The ALJ's decision is silent as to Plaintiff's hypertension and spinal impairment. However, Plaintiff failed to allege what limitations stem from these impairments. ECF No. 14 at 17-18. In *Burch v. Barnhart*, Ninth Circuit explained that a failure to consider an impairment severe at step two can only harm a claimant at steps three and steps five when step two is resolved in his favor. 400 F.3d 676, 682 (9th Cir. 2005). In that case, the Circuit refused to find any reversible error at steps three and five because the claimant failed to offer any theory, plausible or otherwise, as to how these impairments resulted in the claimant equaling a listing or resulting in any limitations. *Id*. at 682-83. Here, Plaintiff also failed to allege any functional limitations resulting from these impairments.

### 3. Plaintiff's Symptom Statements

Plaintiff contests the ALJ's determination that his symptom statements were not consistent with the record. ECF No. 14 at 18-22.

It is generally the province of the ALJ to make determinations regarding the credibility of Plaintiff's symptom statements, *Andrews*, 53 F.3d at 1039, but the ALJ's findings must be supported by specific cogent reasons, *Rashad v. Sullivan*, 903 F.2d 1229, 1231 (9th Cir. 1990). Absent affirmative evidence of malingering, the ALJ's reasons for rejecting the claimant's testimony must be "specific, clear and convincing." *Smolen*, 80 F.3d at 1281; *Lester*, 81 F.3d at 834. "General

findings are insufficient:  rather the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints." *Lester*, 81 F.3d at 834.

The ALJ found that Plaintiff's testimony regarding the intensity, persistence, and limiting effects of his symptoms as "not entirely consistent with the medical evidence and other evidence in the record." Tr. 1398.  The ALJ found that the medical record did not support Plaintiff's statements concerning the frequency of his acute asthma attack, the frequency he needed his rescue inhaler, his last use of amphetamines, his ability to participate in activities, the frequency he left his home, and the frequency he attended treatment. Tr. 1398-1400.  Additionally, the ALJ found that Plaintiff failed to follow prescribed treatment.  Tr. 1399.

The evaluation of a claimant's symptom statements and their resulting limitations relies, in part, on the assessment of the medical evidence.  *See* 20 C.F.R. §§ 404.1529(c), 416.929(c); S.S.R. 16-3p.  Therefore, in light of the case being remanded for the ALJ to address the medical source opinions in the file, a new assessment of Plaintiff's subjective symptom statements is necessary.

## REMEDY

The decision whether to remand for further proceedings or reverse and award benefits is within the discretion of the district court. *McAllister v. Sullivan*, 888 F.2d 599, 603 (9th Cir. 1989).  An immediate award of benefits is appropriate where "no useful purpose would be served by further administrative proceedings, or where the record has been thoroughly developed," *Varney v. Secretary of Health & Human Servs.*, 859 F.2d 1396, 1399 (9th Cir. 1988), or when the delay caused by remand would be "unduly burdensome," *Terry v. Sullivan*, 903 F.2d 1273, 1280 (9th Cir. 1990). *See also Garrison*, 759 F.3d at 1021 (noting that a district court may abuse its discretion not to remand for benefits when all of these conditions are met).  This policy is based on the "need to expedite disability claims." *Varney*, 859 F.2d at 1401.  But where there are outstanding issues that must be resolved

before a determination can be made, and it is not clear from the record that the ALJ would be required to find a claimant disabled if all the evidence were properly evaluated, remand is appropriate. *See Benecke v. Barnhart*, 379 F.3d 587, 595-96 (9th Cir. 2004); *Harman v. Apfel*, 211 F.3d 1172, 1179-80 (9th Cir. 2000).

In this case, it is not clear from the record that the ALJ would be required to find Plaintiff disabled if all the evidence were properly evaluated. Further proceedings are necessary for the ALJ properly address the medical opinions in the file, make a new step two determination, and a new symptom statement determination. Furthermore, the ALJ will supplement the record with any outstanding evidence and hold a supplemental hearing if necessary.

**CONCLUSION**

Accordingly, **IT IS ORDERED:**

1.      Defendant's Motion for Summary Judgment, **ECF No. 15**, is **DENIED**.

2.      Plaintiff's Motion for Summary Judgment, **ECF No. 14**, is **GRANTED, in part**, and the matter is **REMANDED** to the Commissioner for additional proceedings consistent with this Order.

3.      Application for attorney fees may be filed by separate motion.

The District Court Executive is directed to file this Order and provide a copy to counsel for Plaintiff and Defendant. **Judgment shall be entered for Plaintiff** and the file shall be **CLOSED**.

DATED April 5, 2018.



_____
JOHN T. RODGERS
UNITED STATES MAGISTRATE JUDGE